**In re Federico Marannici PORTILLO, SS # 585–60–6974, a/k/a Freddie M. Portillo, and Patricia Lujan Portillo, SS # 585–84–2948, a/k/a Patsy L. Portillo, Debtors.**

**Bankruptcy No. 81–00277 R L.**

United States Bankruptcy Court,
D. New Mexico.

April 1, 1982.

Anthony F. Avallone, Las Cruces, N. M., for debtors.

Lloyd O. Bates, Jr., Las Cruces, N. M., for Shelter America Corp.

Prue Creel, Las Cruces, N. M., for First Nat. Bank of Dona Ana County.

John A. Darden III, Las Cruces, N. M., for Chilton Finance.

Gary B. Ottinger, Standing Chapter 13 Trustee, Albuquerque, N. M.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This chapter 13 confirmation was heard January 28, 1982. The debtors were present in person and through their counsel, Anthony F. Avallone. Shelter America Corporation was represented by its counsel, Lloyd Bates. First National Bank of Dona Ana County was represented through its officer, Prue Creel, and Chilton Finance was represented by its counsel, John A. Darden III.

The debtors filed their petition on March 9, 1981. The original chapter 13 plan was filed with the Court March 9, 1981, and since then it has been amended twice. This hearing was to consider the Second Amended Plan which was filed July 17, 1981. Creditor Chilton Finance, Inc. (hereinafter "Chilton Finance") objected to the second amended plan on the ground that it failed to provide payment to it as a secured creditor.

The questions before the Court are, as between debtors and Chilton Finance, is Chilton Finance a secured creditor and does the asset securing its alleged secured debt have sufficient value to allow the claim to be classified as a secured claim herein.

Chilton Finance asserts that its claim is secured by a properly perfected security agreement and promissory note on a 1977 Medallion mobile home. Testimony indicated that the Chilton Finance debt also was secured by a 1970 Mercury Cougar. However, prior to filing the bankruptcy, the vehicle was sold by the debtors and no longer is property of the estate. The controversy herein is whether the mobile home secures the debt.

The debtors contend that the mobile home is not security for Chilton Finance's debt, thereby causing the debt to be unsecured. Debtors argue that under New Mexico law, to obtain security in a mobile home, a specified procedure must be followed. In this case, Chilton Finance failed to follow that procedure which resulted in its failing to hold a perfected security interest.

Debtors properly cite the Court to New Mexico law governing perfection of liens on mobile homes. Pursuant to § 66–3–1(G), NMSA 1978, "every house trailer shall be subject to the registration and certificate of title provisions of the Motor Vehicle Code." The Motor Vehicle Code, § 66–3–201, NMSA 1978, sets out the exclusive manner for perfecting security interests on vehicles of the type required to be registered and titled under the same. To perfect a security interest in a mobile home, the secured creditor must file its security agreement with the Motor Vehicle Department. Subsequently, a certificate of title is issued reflecting on its face all liens filed on the subject vehicle.

After reviewing the exhibits admitted into evidence and comparing them to the requirements to perfect a security interest in a mobile home in New Mexico, this Court finds:

1. That Chilton Finance has a valid security interest in the mobile home.

2. That Chilton Finance has failed to perfect said security interest since the Court finds no evidence indicating that the certificate of title on the mobile home reflects a Chilton Finance lien.

3. That Chilton Finance is an unsecured creditor insofar as it is a claimant against the debtors.

Even if Chilton Finance had properly perfected its security interest in the mobile home, this Court finds that under 11 U.S.C. § 506(d)(1) (1978), the secured lien of Chilton Finance would be void. The only testimony presented as to value of the mobile home was that of the debtors who said that the Chilton Finance lien on the mobile home exceeded the value of the collateral. Chilton Finance failed to request the Court to determine and allow or disallow its claim under Section 502, as dictated by the above-mentioned section of the Bankruptcy Code. Therefore, its secured lien would be void.

Having found that Chilton Finance is an unsecured creditor, the debtors' Second Amended Chapter 13 Plan appears to meet all requirements set out in 11 U.S.C. § 1325 (1978). Therefore, the chapter 13 plan is confirmed.

An appropriate order shall enter.